

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELO FERGUSON,<br><br>    *Plaintiff,*<br><br>vs.<br><br>CCDC , *et al.*<br><br>    *Defendants.* | 2:12-cv-01894-RCJ-VCF<br><br>ORDER |

This closed prisoner civil rights action comes before the Court on plaintiff's multiple post-judgment applications (## 5, 6 & 10) to proceed *in forma pauperis*.

By an order and final judgment entered on November 21, 2012, the Court dismissed this improperly-commenced action without prejudice because plaintiff did not either pay the filing fee or submit a properly-completed pauper application with the complaint. The Court expressly noted that it did not appear from the allegations and documents presented that a promptly filed new action would be time-barred. The dismissal further was expressly without prejudice "to the filing of a new properly commenced action under a new docket number with either the required filing fee or a properly completed application to proceed *in forma pauperis*."

Thereafter, plaintiff, who is held locally in the Clark County Detention Center, mailed multiple successive pauper applications for filing. It is clear from both the date of mailing and plaintiff's assertions in the papers (#4) accompanying the first application that plaintiff mailed all of applications after both entry of the order and final judgment dismissing this case and his receipt thereof.

1   The pauper applications will be denied, for two reasons.

2   First, under the order and judgment of dismissal, plaintiff must correct the deficiency
3   in the prior papers in "a new properly commenced action under a new docket number." He
4   may not instead file a pauper application in this matter after entry of judgment. Plaintiff plainly
5   is not prejudiced by this manner of proceeding because a promptly filed new action would not
6   be time-barred under the applicable two-year statute of limitations on the papers presented.

7   Second, the post-judgment applications in any event are not properly completed. Both
8   a financial certificate properly executed by an appropriate institutional officer and a statement
9   of the plaintiff's inmate trust fund account for the past six months are required by 28 U.S.C.
10  § 1915(a)(2) and Local Rule LSR1-2. Even if the inmate trust account statement with
11  plaintiff's overall paperwork (#4) *arguendo* is sufficient, each financial certificate was not
12  properly completed by an appropriate institutional officer. Plaintiff instead wrote "N/A" on the
13  account information line on each certificate, and neither certificate is executed by an
14  authorized institutional officer. The financial certificate is an applicable requirement rather
15  than a "not applicable" one. The applications therefore were not completed properly, even
16  if the applications otherwise properly were before the Court, which they are not.

17  The Court notes that it has been called upon in two prior actions filed by plaintiff to bar
18  further filings in the action because of persistent filings by plaintiff in disregard of prior orders
19  issued in the case. Given that plaintiff has started down the same path now in this case, the
20  Court will issue a similar directive in this matter.

21  This action is closed. If plaintiff wishes to pursue the claims alleged in the improperly-
22  commenced action, he must properly commence a new action under a new docket number.

23  IT THEREFORE IS ORDERED that any and all applications to proceed *in forma*
24  *pauperis* pending at the time of entry of this order, including but not limited to ## 5, 6 & 10
25  in the event of further intervening filings, are DENIED without prejudice.

26  IT FURTHER IS ORDERED that the Clerk of Court shall designate plaintiff on the
27  docket as a restricted filer and shall return all further papers submitted by plaintiff herein
28  unfiled, except for a notice of appeal.

IT FURTHER IS ORDERED, in the event of an appeal, and pursuant to 28 U.S.C. § 1915(a)(3), that the Court certifies to the Court of Appeals that an appeal is not taken in good faith, given that plaintiff has sustained no substantial prejudice either from the dismissal of this improperly-commenced action without prejudice or from the denial of the present improperly-completed post-judgment pauper applications without prejudice. So that the certification herein may be clearly marked for review by the Court of Appeals, the Clerk shall prominently include within the docket entry for this order a statement that the order of dismissal also certifies to the Court of Appeals that an appeal would not be taken in good faith.

DATED: January 7, 2013.

_____
ROBERT C. JONES
Chief United States District Judge